# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JIMMY ANTHONY FUENTES,<br><br>    Defendant. | Case No. 19-cr-3744-BAS-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>**(ECF No. 81)** |

On May 13, 2020, the Court sentenced Defendant Jimmy Anthony Fuentes to 37 months in custody. (ECF No. 68.) At the time of his sentencing, the Court departed downward because of the effect COVID-19 was having on individuals in custody. Mr. Fuentes has served approximately 13 months of this sentence. His release date is April 10, 2022. (ECF No. 81, Exh. B.) He now moves to reduce the sentence to time served because of the risks he faces due to COVID-19. (ECF No. 81 ("Defendant's Motion").) The Government opposes. (ECF No. 86 ("Government's Response").) For the reasons stated below, the Court **DENIES** Mr. Fuentes' motion.

## I. BACKGROUND

On August 24, 2019, Mr. Fuentes drove a car through the Port of Entry with approximately 28.88 kilograms of methamphetamine hidden in a gas tank compartment. (ECF No. 52 ("PSR") ¶¶ 4–6.) He has a prior conviction for sale of marijuana from 2014

and for vehicle theft from 2019. (PSR ¶¶ 30–34.) He also has two outstanding warrants from 2019. (PSR ¶¶ 39–40.) Mr. Fuentes admitted to a drug addiction problem and that he was under the influence of methamphetamine at the time of his arrest. (PSR ¶¶ 56–59.) The Probation Department noted that Mr. Fuentes was healthy and had no history of serious health problems. (PSR ¶ 54.) According to his defense counsel, Mr. Fuentes has since tested positive for COVID-19. (Defendant's Motion, Exh. A.) He was asymptomatic at the time he tested positive, and he is listed as recovered as of September 22. (*Id.*)

On August 11, 2020, Mr. Fuentes submitted a request to the Warden at MCC asking for compassionate release. (Defendant's Motion, Exh. B.) Neither Mr. Fuentes nor his defense counsel has received any response to this request. (Defendant's Motion.)

## II.   ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, after he has exhausted his administrative remedies, if "considering the factors set forth in [18 U.S.C.] section 3553(a)," the court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Ng Lap Seng*, __F. Supp. 3d__, 2020 WL 2301202, at *7 (S.D.N.Y. 2020). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Holden*, __ F. Supp. 3d__, 2020 WL 1673440, at *3 (D. Or. 2020).

### A.   Exhaustion

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden and the petitioner proceeds to continue to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

Mr. Fuentes appears to have satisfied the second route. He filed a request for compassionate release, which was not acted on for 30 days. Thus, Mr. Fuentes has exhausted his administrative remedies.

### B.     Extraordinary and Compelling Reasons

Mr. Fuentes argues that he has demonstrated "extraordinary and compelling reasons" for his release, because (1) MCC has been severely affected by COVID-19, (2) he contracted the disease (although he was asymptomatic), (3) he could get the virus again, and (4) he has been unable to participate in drug treatment while he is in custody. (Defendant's Motion.) None of these reasons amounts to "extraordinary and compelling reasons" justifying compassionate release.

While it is true that MCC has recently been severely affected by COVID-19,[1] Mr. Fuentes is now in transit to Terminal Island, which has reinitiated its drug treatment program. (Government's Response at 4, Exh. 1.) Although Terminal Island was hard hit when COVID-19 first hit (reporting 597 cases among the inmates and 26 among the staff), the BOP is now reporting that all inmates have recovered and only three staff members remain ill. *See* BOP, Covid-19 Cases, http://www.bop.gov/coronavirus (last visited Oct. 2, 2020). Additionally, Mr. Fuentes has no pre-existing conditions that would make the coronavirus particularly dangerous to him. In fact, he was asymptomatic at the time he contracted the virus, and now is listed as recovered. (Defendant's Motion, Exh. A.) Furthermore, the fact that currently the in-custody drug treatment program has been suspended until COVID-19 can be controlled is also not sufficient to support a compassionate release motion. If it was, every defendant with a drug problem, who hoped to participate in the program, would be released. Mr. Fuentes has failed to meet his burden of showing that he is eligible for a sentence reduction.

### C.     The Section 3553(a) Factors

---

[1] According to the Bureau of Prisons ("BOP") website, 378 inmates at MCC have tested positive, 361 who have recovered and one of whom has died, and 24 staff have tested positive, seven of whom have recovered. *See* BOP, Covid-19 Cases, http://www.bop.gov/coronavirus (last visited Oct. 2, 2020).

Additionally, in a compassionate release motion, the court must still consider factors listed in Section 3553(a), such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a).

Mr. Fuentes has a history of committing other criminal offenses, and, in fact, he committed this offense while he was on probation to another court. (PSR ¶¶ 30–34.) Additionally, Mr. Fuentes had two outstanding warrants from 2019 at the time he was arrested. (PSR ¶¶ 39–40.) He clearly has a drug addiction problem and was under the influence of methamphetamine at the time of his arrest. (PSR ¶¶56–59.) And, according to his BOP disciplinary records, he possessed a dangerous weapon while he was in custody in October 2019, and possessed another unauthorized item in February. (Government's Motion, Exhibit 2.) Mr. Fuentes apparently has difficulty following rules laid down by either the Court or the BOP.

Finally, Mr. Fuentes was sentenced in the midst of the pandemic, so the Court took into consideration the fact that Mr. Fuentes could be exposed and contract the virus at the time of sentencing. This was already considered as part of the original § 3553(a) factors. Again considering the § 3553(a) factors, the Court finds that compassionate release is not appropriate.

### III.  CONCLUSION

Mr. Fuentes has failed to show "extraordinary and compelling reasons" that justify his request for immediate release, nor do the § 3553(a) factors support such a reduction in his sentence. Therefore, the Court **DENIES** Mr. Fuentes' motion for compassionate release (ECF No. 81).

**IT IS SO ORDERED.**

**DATED: October 2, 2020**

Hon. Cynthia Bashant
United States District Judge